## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No.: 1:18-cv-25095-RNS

EDDIE BODDEN, FELIZ TERRERO,
FRANCISCO ORTEGA, MARCELINO
SUSANA, VICTOR LACAYO LOPEZ, and
JULIO BRINGUEZ,

      Plaintiffs

         v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

      Defendant
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW

      **COMES NOW**, Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter collectively referred to as "Travelers"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiffs' First Amended Complaint [DE 17], for failure to state a claim upon which relief can be granted, and in support thereof, states as follows:

## INTRODUCTION

1. On March 7, 2019, six Plaintiffs filed their Amended Complaint against Travelers Property Casualty Company of America. Plaintiffs' Amended Complaint alleges causes of action for breach of contract against Travelers, asserting that they are "third-party claimants" under a protection and indemnity insurance policy issued to Suncoast Shipping LLC.

2. The Amended Complaint is legally insufficient as it fails to plead how and when Plaintiffs achieved this status, why mere claimant status (as opposed to third-party beneficiary) is important, nor why the alleged policy covers their "breach of contract" claims.

3. Plaintiffs have no standing; Plaintiffs are claiming status as third-party claimants to a policy of insurance that Travelers issued to Suncoast Shipping. It is beyond dispute that Suncoast Shipping was administratively dissolved by the State of Florida at all material times including the date on which Plaintiff reached a "Consent Settlement Agreement" with Suncoast Shipping and the date of the Final Judgment was entered in the state court suit by the same crewmembers against Suncoast Shipping. The Final Judgment in the state court action, ostensibly creating Plaintiffs' rights herein, could not have been created by an administratively dissolved Florida limited liability company, i.e., Suncoast Shipping.

4. A default order and final judgment in favor of Travelers against Suncoast Shipping ordered and adjudged that the Marine Hull and Protection & Indemnity Policy No. ZOH-15N11069-13-ND was void ab initio; Travelers has no obligation to Suncoast Shipping or with respect to the Tug under the Policy.

5. Plaintiffs' Amended Complaint completely fails to satisfy the federal minimum pleading standards because it does not contain facts that support Plaintiffs' legal status or state claims so that Defendant is put on fair notice of the ground of Plaintiffs' claims as to them and makes legal conclusions within pleaded facts.

Wherefore, for the reasons set forth more fully below, TRAVELERS respectfully requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice for failure to state a claim upon which relief can be granted.

<u>**MEMORANDUM OF LAW**</u>

I.     <u>**Relevant Legal Standard**</u>

Under the general pleading standard set forth in Rule 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). In order to be "minimally sufficient," a complaint must put the defendant on notice of the claims against him. *Bailey v. Janssen Pharmaceutica, Inc.*, 228 F. App'x. 597, 603 (11th Cir. 2008). "Under the Iqbal standard, a plaintiff must allege facts which put each defendant on notice of the claims against him." *City of Fort Lauderdale v. Scott*, 773 F. Supp. 2d 1355, 1362 (S.D. Fla. 2011). The complaint should "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, a complaint is insufficient if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009), citing *Twombly*, 550 U.S. at 557. In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. A complaint that offers labels and conclusions and a formulaic recitation of the elements of a cause of action is insufficient to survive a motion to dismiss. *Id*. Conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002).

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Grp., Inc*., 459 F. 3d 1304, 1308 (11th Cir.

2006). Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, i.e., when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 Fed. App'x 535, 536 (11th Cir. 2009). "To survive a motion to dismiss, a complain must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its own face." *Iqbal*, 556 U.S. at 678. Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for their entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent a Car Systems, Inc*., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007). The nature of Plaintiff's allegations must be made clear. Rule 8's fair notice requirement is intended to give a defendant notice and the opportunity to respond to claims against them. *Petrovic v. Princess Cruise Lines, Ltd*., 2012 WL 3026368, at *3 (S.D. Fla. 2012).

In this case, Plaintiffs have not alleged any fact that would allow the court to draw such a reasonable inference. Plaintiffs' Complaint fails Rule 8's fair notice requirement because all of Plaintiffs' causes of action are devoid of supporting factual material making Plaintiffs' claim for relief rise above the speculative level. Plaintiffs were knowledgeable of Suncoast Shipping LLC's default for the declaratory judgment action. Plaintiffs' Complaint wholly fails to satisfy Rule 8's fair notice requirement of putting the Defendant on fair notice of the grounds for Plaintiffs' claims of breach of contract. Paragraphs 47 and 48 plead that Plaintiff's obtained a final judgment. They don't plead specific terms of the Consent Settlement Agreement in their complaint. If their Consent Settlement Agreement with Suncoast Shipping purports to make them "assignees", which is one construction, what rights have they been assigned, and what are they the assignees of? Plaintiffs

have not pled this assignment[1] which would fail to satisfy the federal minimum pleading requirements by not putting the Defendant on fair notice of these claims under the Consent Settlement Agreement. In summary, Plaintiffs' Amended Complaint offers no supporting facts as to how Defendant was allegedly in breach of contract, other than unsubstantiated legal conclusions, which do not satisfy Rule 8's notice pleading requirement. *Twombly*, 550 U.S. at 555.

Accordingly, TRAVELERS respectfully requests that this Court dismiss Plaintiffs' Complaint for failure to satisfy the federal minimum pleading requirements.

## II.    Under Rule 12(b)(6), Plaintiff's Allegations are Insufficient to State a Claim

The Supreme Court has held that "[w]hile a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. "Moreover, the facts supporting the claim must be 'consistent' with the allegations in the complaint." *Id*., at 562. A motion to dismiss will be granted when it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Betancourt v. Marine Cargo Mgmt., Inc*., 930 F. Supp. 606, 607 (S.D. Fla. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*., at 679.

---

[1] Plaintiffs' counsel entered into this Consent Settlement Agreement as assignees of Suncoast Shipping. See the underlying state case *Eddie Bodden, Feliz Terrero et al. v. Suncoast Shipping, LLC*, Case No.: 13-38537 CA, Notice of Appearance as "Exhibit A" and see signature block within the Answer as "Exhibit B" of this Motion.

While a court must accept well-pleaded <u>facts</u> as true, it need not assume the truth of conclusory allegations, nor are plaintiffs entitled to have the court view unwarranted deductions of fact or argumentative inferences in their favor. See *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Well-pleaded allegations in a complaint are deemed true for purposes of pleading. Allegations are not deemed admitted or true for conclusions of law. Although a court must accept all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff, the court is not bound by legal conclusions. *Twombly*, 550 U.S. at 555; see *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

As explained herein, Plaintiffs, although they filed injury suits against Suncoast Shipping LLC in state court, had no right of direct action against Travelers. For instance, Plaintiffs do not plead how judicially voided and nullified insurance coverage legally exists retrospectively, except to plead the conclusion that the default order and final judgment in the declaratory action had no effect on them. See Amended Complaint, ¶ 46. Plaintiffs' Amended Complaint does not rise above a speculative list of formulaic elements of a cause of action. Plaintiffs fail to cite any factual evidence as to how, or when, they achieved the status that they claim. Am. Compl. ¶ 27. Plaintiffs fail to cite as to how they are entitled to coverage as third-party claimants under the Protection and Indemnity coverage of the Travelers policy. Am. Compl. ¶ 34. Plaintiffs fail to cite as to how the policy remains in full force in effect as to them. Am. Compl. ¶ 37. Plaintiffs state that a declaratory judgment action "neither had, not could have any preclusive effect" on their claims. Am. Compl. ¶ 44. Plaintiffs continue by claiming that "the default judgment had no effect on them", Am. Compl. ¶ 46, yet the existence of the default judgment is recited in the Consent Settlement Agreement as a reason for Suncoast assigning a claim against an insurance broker. Such allegations cannot be deemed admitted or true for conclusions of law.

Accordingly, TRAVELERS respectfully requests that this Court dismiss Plaintiffs' Amended Complaint for failure to satisfy the federal minimum pleading requirements.

### III.     Amended Complaint Fails to State a Claim for Breach of Contract

The Amended Complaint fails to state a claim for breach of contract.

The insurance protection and indemnity policy is a policy of indemnity not liability. It is an industry form policy known as the "SP-23" (which appears on the policy face). DE. 17-1, p 6 of 69. The SP-23 is a standard maritime insurance form of a protection and indemnity policy. *See Gabarick v. Laurin Maritime (America), Inc*., 650 F.3d 545, 554 (5th Cir. 2011); *Insurance Co. of North America v. Board of Com'rs of Port of New Orleans*, 733 F.2d 1161, 1165 (5th Cir. 1984); *Taylor v. Lloyd's Underwriters of London*, 1994 WL 118303, at *7 (E.D. La. 1994) ("The scope of coverage under the P&I policy is determined by the standard terms and conditions set forth in the standard P&I policy, Form SP-23."); 7A *Benedict on Admiralty* §2.01 at 2-3 (Rel.28-7/82).

"The consensus of the federal cases, unanimous so far as our research reveals, is that in P&I protection afforded by underwriters under terms or language similar to SP-23 the assured must be liable as owner of the insured vessel; liability in any other capacity is irrelevant, as is the question of whether the same person is the owner of the insured innocent vessel and the negligent vessel. Settled case law supports these propositions." *St. Paul Fire and Marine Ins. Co. v. Vest Transp. Co., Inc*., 666 F.2d 932, 942 (5th Cir. 1982).

Even if plaintiffs herein were to plead how their legal status was obtained, their status could not have been created by §627.4136 Fla. Stat. as that "nonjoinder" status is expressively limited to liability policies, not indemnity policies of insurance. See *Weeks v. Beryl Shipping, Inc.*, 845 F.2d 304, 307 (11th Cir. 1988). The court there relied on the requirement that an actual liability

payment by the insured of the full amount of a liability is a condition precedent to the insured's

right to recover and the obligation of the insurer to satisfy the obligation. *Id*. At 307. Under an

indemnity policy, the insurer is liable only for "loss actually paid by the insured". *Id*. At 306 (*citing*

*DaCosta v. General Guaranty Ins. Co.*, 226 So.2d 104, 105 (Fla. 1969)). The joinder statute only

permits joinder of liability insurers, not indemnity policies. *Id*. (citing *Metropolitan Life Ins. Co.*

*v. McCarson,* 467 S.2d. 277, 279 (Fla. 1985)).

In the instant case, it is clear that no loss was "actually paid", as implicit in the allegation

of the Amended Complaint at ¶45 [D.E. 17] is the recognition that Travelers obtained a default

judgment against Suncoast. Plaintiffs have asserted no factual basis on their "standing" nor why

the policy of insurance is a liability policy and therefore the legal conclusions they assert (¶48) are

not supported.

Additionally, the policy attached to the Amended Complaint makes clear it is an indemnity

policy by two well-recognized means.

First the preamble states:

> The Assurer hereby undertakes to make good to the
> Assured or the Assured's executor, administrators,
> and/or successors, all such loss and/or damage and/or
> expense as the Assured shall as owners of the vessel
> named herein have become liable to pay and shall pay
> on account of the liabilities, risks, events and/or
> happenings herein set forth.

DE 17-1 (p. 36 of 69)

Second, the policy has a requirement of a loss being sustained in the "no action" clause as

follows:

> No action shall lie against the Assurer for the
> recovery of any loss sustained by the Assured unless
> such action is brought against the Assurer within one
> year after the final judgment or decree is entered in
> the litigation against the Assured, or in case the claim
> against the Assurer accrues without the entry of such

final judgment or decree, unless such action is
brought within one year from the date of payment of
such claim.

DE 17-1 (p. 41 of 69)

These clauses are hallmarks of an indemnity policy. *DaCosta*, supra at 106-107. What
Plaintiffs did in this case is attempt a "Coblentz" type agreement after Suncoast was defaulted in
the declaratory judgment action. Thus, Plaintiffs' allegations that the policy was "in force" when
they suffered their claims or when they were "third-party claimants" is irrelevant because the
policy is an indemnity policy.

**IV.    Plaintiffs' Claims are Barred by Res Judicata**

The default judgment is res judicata against the Plaintiffs' claims. Admiralty jurisdiction
is based upon common federal law applicable to general maritime law, including interpretation of
marine insurance. That was one basis of jurisdiction in the prior declaratory judgment action
against Suncoast Shipping LLC. This is a compelling reason for applying federal res judicata law.

For the purposes of res judicata, a default judgment is considered a judgment on the merits.
Default judgments can give rise to res judicata. See e.g., *Riehle v. Margolies*, 279 U.S. 218, 225
(1929); *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1314 (Fed. Cir.
1983); *Wells Cargo, Inc. v. Wells Cargo, Inc.*, 606 F.2d 961, 964 (CCPA 1979). "A judgment of a
court having jurisdiction of the parties and of the subject-matter operates as res judicata, in the
absence of fraud or collusion, even if obtained upon a default." *Riehle v. Margolies*, 279 U.S. 218,
225 (1929). "A judgment by default is just as conclusive an adjudication between the parties of
whatever is essential to support the judgment as one rendered after answer and contest." *Last
Chance Mining Co. v. Tyler Mining Co.*, 157 U.S. 683, 691 (1895).

In the prior declaratory judgment lawsuit, the district court (Judge Middlebrooks) entered
a default judgment against Suncoast Shipping LLC on May 18, 2015. Normally, a judgment is not

claim preclusive as to nonparties. *Saylor v. U.S.*, 315 F.3d 664 (6th Cir. 2003). There is an exception when it can be said that there is privity between a party to the second case and a party who is bound by an earlier judgment. *Taylor v. Blakely*, 490 F.3d 965, cert. granted 128 S. Ct. 977, vacated and remanded 128 S. Ct. 977, on remand 296 Fed. App'x 85. As a general rule, one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process. *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (recognizing exceptions, including where a substantive legal relationship existed between the person to be bound and a party to the judgment.) That relationship was created by Suncoast Shipping LLC's contract (i.e. the "Consent Settlement Agreement") with the Plaintiffs herein in March 2017. Plaintiffs herein acknowledge the declaratory judgment default against Suncoast in their Consent Settlement Agreement with Suncoast. Suncoast Shipping's contract rights against Travelers had already determined by said default judgment, under the policy plaintiffs are now attempting to base a "breach of contract" claim.  Pursuant to ¶48, they attempt to use the Florida nonjoinder statute, Fla. Stat. 627.4136 to reach a voided policy. Plaintiffs' beneficial rights against Travelers were allegedly created by the "final judgment" in their crew claim lawsuit against Suncoast Shipping. In that Consent Settlement Agreement, Plaintiffs specifically acknowledge the Travelers declaratory judgment action, and that the Travelers policy, if any, was voided, and therefore Plaintiffs' rights against Travelers were derivative from Suncoast Shipping.

In addition to the allegations, the Consent Settlement Agreement purports to make them assignees of the insurance policies of "any other insurance carrier[s]." Consent Settlement Agreement ¶ 2. This "assignment" clause is not mentioned in the Plaintiffs' allegations. Suncoast Shipping had already been defaulted by final judgment at the time of said purported assignment and therefore, said assignment provides the element necessary to bring plaintiffs within the exception to the ordinary rule that they should not be bound by a prior judgment to which they are

not parties. They knowingly accepted assignment of a voided policy. Notably as well, the voided policy also included an anti-assignment clause. Plaintiffs, as assignees, have a sufficient substantive legal relationship with Suncoast Shipping to be also bound by the default judgment in the declaratory judgment action, which is independent of other justifications raised in this motion.

## V.    Insurance Policy was Null and Void

Under Florida law, an insurer may rescind a policy of insurance on the grounds of misrepresentation if it can prove: (a) the misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptable of the risk or to the hazard assumed by the insurer; [or] b) if the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in loss. Fla. Stat. 627.409(1). "An essential prerequisite to the application of Fla. Stat. 627.409(1) is that the insured make an inaccurate statement in his application." *Miguel v. Metro. Life. Ins. Co.*, 200 F. App'x 961, 965 (11th Cir. 2006). "Where a misrepresentation occurs that meets the requirements of 627.409 the insurer, as a matter of right, may unilaterally rescind." *Fabric v. Provident Life & Accident Ins. Co.*, 15 F.3d 908, 912 (11th Cir. 1997). Courts have rejected arguments that notice is required before statutory rescission is proper. *State Farm Mut. Auto. Ins. Co. v. Cockram,* 2012 WL 4903271, at *5 (M.D. Fla. 2012). Under Florida law, "an insurer may file a declaration action in order to determine whether an insurance policy is voidable, and a declaratory action is an appropriate means by which to determine the issue of coverage." *Allegheny Cas. Co. v. Archer-Western/Damaria Joint Venture III*, 2014 WL 4162787, at *19 (M.D. Fla. 2014), citing *Transp. Cas. Ins. Co. v. Soil Tech Distributors, Inc.*, 966 So.2d 8, 10 (Fla. 4th DCA 2007).

The policy was voided because Suncoast Shipping LLC misrepresented material facts on its insurance application of such a nature that any careful and prudent insurer would have wanted to know about them in order to responsibly gauge a risk in issuing an insurance policy, and the misrepresentation was material to the decision to issue the policy. Travelers obtained a declaration that the Policy was null and void from its inception *ab initio*, that there is no coverage under the Policy, and that Travelers had no obligations under the Policy.

There is also information in the policy attached to the Amended Complaint that the policy was cancelled by the actions of the insured, Suncoast Shipping LLC, which is inconsistent with Plaintiffs' assertions that there is coverage herein.

## VI. Plaintiffs do not have standing, as Suncoast Shipping entered into agreement after it was administratively dissolved.

Standing to sue is a threshold requirement in every federal action. *Sicom Sys. Ltd. v. Agilent Tech.*, 427 F.3d 971, 975 (Fed. Cir. 2005). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Whether a party has standing to sue in federal court is a question of federal law. *Baker v. Carr*, 369 U.S. 186, 204 (1962).

Jurisdiction must be present at the inception of the lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n. 5 (1992) (plurality opinion) ("Standing is to be determined as of the commencement of suit."); *see Keene Corp. v. United States*, 508 U.S. 200, 207 (1992) ("The jurisdiction of the Court depends on the state of things at the time of the action brought."); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 67 (1997) (holding that standing is an aspect of the case or controversy requirement, which must be satisfied "at all stages of review.") A defect in standing cannot be cured after the inception of the lawsuit. *Paradise Creations, Inc., v. U.V. Sales, Inc.,* 315 F.3d at 1310 (Fed. Cir. 2003).

Standing is a jurisdictional threshold that requires the plaintiff to demonstrate, among other things, the invasion of some legally protected interest. *AT&T Mobility, LLC v. NASCAR, Inc.,* 494 F.3d 1356, 1359-60 (11th Cir. 2007). The question of whether, for standing purposes, a non-party to a contract has a legally enforceable right is a matter of state law. *Id*. at 1360.

Fla. Stat. §627.4136 states in part that "[i]t shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured"… "that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy." *See Meyer v. Carnival Corp.,* 2013 WL 12061857 (S.D. Fla. 2013) (in which this statute deals with commercial insurance companies). The statute continues in pertinent part: "(2) No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy." *See National Corporacion Venezolana, S.A. v. M/V Manaure V*, 511 So.2d 968 (Fla. 1987).

Assuming the subject policy is a liability policy, Plaintiffs had not received the status of third-party beneficiaries by the time the insurance policy was voided on May 18, 2015. Their "claims" did not arise until after that, when they purportedly accrued as a result of their Consent Settlement Agreement and final judgment. No rights existed at the time of the default judgment by Travelers against Suncoast Shipping on May 18, 2015. Plaintiffs' rights had not yet matured. Suncoast Shipping was administratively dissolved at the time of that Consent Settlement Agreement, and without legal existence to enter contracts such as the Consent Settlement Agreement.

A limited liability company that has been administratively dissolved continues in existence but may only carry on activities necessary to wind up its activities and affairs, liquidate and

distribute its assets, and notify claimants under § 605.0711 and 605.0712. Fla. Stat. Ann. § 605.0714 (5). Dissolution of a limited liability company does not transfer title to the limited liability company's assets. Fla. Stat. Ann. § 605.0717 (1)(a).

There is no beneficial right to convey if a limited liability company has been administratively dissolved and has wound up its activities and affairs. Suncoast Shipping had nothing to "assign" to Plaintiffs in the Consent Settlement Agreement. See § 607.1405; 607.1421. Even though the agreement is attached to a final judgment in State Court, Suncoast Shipping had not only been defaulted in Federal Court, it had no legal existence by which to assign rights to a legally voided insurance policy, and therefore could not create contractual rights in the Plaintiffs to give rise to standing in this suit. Any purported standing based on the assignment language is therefore suspect as they are assignees of a dissolved corporation.

See *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304 (Fed. Cir. 2003) (filing a corporate reinstatement after the lawsuit was filed did not cure the lack of standing under Article III of the U.S. Constitution that existed at the time of filing, and that Florida law (specifically *F.S.* 607.1422(3)) could not cure such a deficiency in federal standing once the lawsuit commenced). While attempting to obtain a certificate from the Florida Department of Corporations, the undersigned has learned that Suncoast Shipping, LLC is presently trying to cure several years of dissolved status and to reinstate its corporate status with the State of Florida.

## VII.   Third Party Claimant Status cannot give rise to a claim.

Fla. Stat. §627.4136 reads: "(2) No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy." (Emphasis added). Even if the insurance policy herein is a liability policy, which defendant refutes, the direct action/nonjoinder statute prohibits any legal status until they have a final judgment against an

insured under a policy for cause of action under the policy. That alleged status undisputedly could not have been created until Plaintiffs' consented to the Consent Settlement Agreement and final judgment. There was no insurance policy in existence at that point in time as it had been already voided.

Plaintiffs claim in their Amended Complaint that they are third-party claimants.

## VIII. **Under Rule 19, Plaintiffs were not necessary and indispensable parties to be joined in the declaratory action.**

Plaintiffs assert that Florida Law required them to be joined to the declaratory judgment action. They were not "necessary" parties.  "A party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." *Laker Airways, Inc. v. British Airways*, 182 F.3d 843, 847 (11th Cir. 1999), citing Fed. R. Civ. P. 19. Travelers contended in the declaratory action that an insurance applicant misrepresented material facts to obtain marine protection and indemnity insurance. Plaintiffs herein were strangers to the policy.

Travelers was not required to give notice to claimants, despite their claim pending against the insurance company or the insured. Even though they now assert they were "third-party claimants", they were not required to receive notice of the declaratory judgment action. As of the date of the declaratory judgment, Plaintiffs had no rights, not even as "third-party beneficiaries" under the nonjoinder statute.

## IX. **The prior district order voided an insurance policy based on the Doctrine of *Uberrimae Fidei***

The Plaintiffs' Amended Complaint is an attempt to avoid the consequences of a voided insurance policy. The policy was voided by a default order (and subsequent default judgment)

against Suncoast Shipping that was based on its untruthfulness in the application for marine insurance.

Well-entrenched in maritime law is the doctrine of utmost good faith: "the state of mind of a party to a contract who will freely and candidly disclose any information that might influence the other party's decision to enter into the contract." Black's Law Dictionary 1754 (10th ed. 2014) 808. "The federal marine-insurance doctrine of *uberrimae fidei* requires that the insured deal with the insurer in utmost good faith." The Eleventh Circuit has recognized this age-old doctrine, stating that "it is well-settled that the marine insurance doctrine of *uberrimae fidei* is the controlling law." *HIH Marine Services, Inc. v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000*); Steelmet, Inc. v. Caribe Towing Corp*., 747 F.2d 689, 695 (11th Cir. 1984). Under *uberrimae fidei*, a material misrepresentation on an application for marine insurance is grounds for voiding the policy. *Steelmet, Inc.*, 747 F.2d at 695. See also, *Catlin at Lloyd's v. San Juan Towing & Marine*, 778 F.3d 69 (1st Cir. 2015) (holding that the insurance policy was voidable by reason of insured's violation of the doctrine of *uberrimae fidei* in its application for the policy.) Under the doctrine of *uberrimae fidei*, the insured in a maritime insurance contract is required to disclose to the insurer all known circumstances that materially affect the insurer's risk, the default of which renders the insurance contract voidable by the insurer. *Windsor Mount Joy Mut. Ins. Co. v. Giragosian*, 57 F.3d 50, 54-55 (1st Cir. 1995). *Uberrimae fidei* does not permit the use of principles of waiver and estoppel to prove insurance coverage where there has been a material misrepresentation on the application.

All of these foregoing principles of maritime insurance law were the legal basis for the court's default order against Suncoast Shipping, the insurance applicant. In fact, Travelers took the deposition of Suncoast Shipping's principal after its default and attempted to obtain a summary judgment. There were bona fide factual reasons supporting Travelers' claims that there were material misrepresentations in the insurance application process in order to legally void the

insurance policy ab initio. Plaintiffs' Consent Settlement Agreement with Suncoast Shipping cannot undo the default order and judgment against Suncoast Shipping and retroactively create insurance coverage, nor are they seeking declaratory relief on this issue, only "breach of contract".

## X.    **Travelers had No Duty to Investigate Insurance Application.**

Under the maritime doctrine of *uberrimae fidei*, the insured in a maritime insurance contract is required to disclose to the marine insurer all known circumstances that materially affect the insurer's risk, the default of which renders the insurance contract voidable by the insurer. Furthermore, the insurer has the right, notwithstanding the allegations of the Amended Complaint, to not have to verify the information provided in the maritime insurance application. *Catlin at Lloyd's v. Sun Juan Towing & Marine*, 778 F.3d 69 (1st Cir. 2015); *Commercial Union Ins. Co. v. Pesante*, 459 F.3d 34 (1st Cir. 2006). There is no duty to investigate ownership of the application. The insurance company is entitled to go by the information provided on the application.

Under Florida law, it is the clear general rule that "an insurer is entitled, as a matter of law, to rely upon the accuracy of the information contained in the application and has no duty to make additional inquiry." *Miguel v. Metropolitan Life Ins. Co*., 200 Fed. Appx. 961, 969 (11th Cir. 2006), citing *Independent Fire Ins. Co. v. Arvidson*, 604 So.2d 854, 856 (Fla. 4th DCA 1992), rev. denied, 617 So.2d 318 (Fla. 1993). See also*, First Nat'l Bank Holding Co. v. Fid & Deposit Co. of Md*., 885 F. Supp. 1533, 1535 (N.D. Fla. 1995); *Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC*, 228 F.Supp.3d 1313, n.8 (S.D. Fla. 2017); *Baquero v. Lancet Indem. Risk Retention Group, Inc*., 2013 WL 5237740 (S.D. Fla. 2013); *State Farm Mut. Auto. Ins. Co. v. Cockram*, 2012 WL 4903271, at *4 (M.D. Fla. 2012); *Markel Ins. Co. v. Whigham Law Group, P.A.*, 2018 WL 4559089, n.4 (M.D. Fla. 2018); *Braddy v. Infinity Assur. Ins. Co.,* 2015 WL 1056068, at *3 (M.D. Fla. 2015). Therefore, it is well-settled Florida law that an insurer does not

have the duty to investigate the insured's statements made in an insurance application and to verify the accuracy of the representations; rather, it is the insured's duty to divulge fully all he or she knows. Insurers are not required to conduct an additional inquiry into the statements made on an insurance application.

Plaintiffs suggest otherwise; that Travelers should have looked to a database and not have relied upon the insurance application that Suncoast Shipping submitted, which ultimately misrepresented material facts and did not fulfill its duty of utmost good faith in its representation. Am. Compl. ¶ 18 and 21. In fact, Travelers did abide by the general practice and custom: it had no duty to investigate the statements made in an insurance application, and that duty instead fell on Suncoast to divulge the information in good faith, which it did not.

<u>**CONCLUSION**</u>

Plaintiffs' Amended Complaint asserts causes of action for breach of contract, but Plaintiffs fail to allege that they have privity and proper standing and fail to plead the Consent Settlement Agreement and judgment thereon. An earlier default judgment had voided the insurance policy they now claim there still is existing coverage. The causes of action that Plaintiffs assert against the Defendant for breach of contract are devoid of supporting facts and fail to state a claim for which relief can be granted.

**WHEREFORE**, for the reasons stated above, TRAVELERS respectfully requests that the Court dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**McALPIN CONROY, P.A.**
80 S.W. 8th Street, Suite 2805
Miami, Florida 33130
(305) 810-5400 Tel.
(305) 810-5401 Fax
By: */s/ Michael E. Conroy*
Michael E. Conroy
Florida Bar No.: 845434
MConroy@McAlpinConroy.com
JRosario@McAlpinConroy.com
Joanne I. Nachio
Florida Bar No.: 113040
JNachio@McAlpinConroy.com
VMedina@McAlpinConroy.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 1, 2019 the foregoing document was electronically

filed via CM/ECF which will electronically furnish a true and correct copy to:

### <u>Service List:</u>

Louis A. Vucci, Esquire
The Vucci Law Group, P.A.
SunTrust International Center
1 SE Third Avenue, Suite # 3020
Miami, FL 33131
Louis@thevuccilawgroup.com
*Counsel for Plaintiffs*

William G. Wolk, Esquire
Eaton & Wolk, P.L.
2665 South Bayshore Drive
Suite # 609
Miami, Fl 33133
wwolk@eatonwolk.com
cmartinez@eatonwolk.com
*Co-Counsel for Plaintiffs*

By: */s/ Michael E. Conroy*
    Michael E. Conroy