## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

|  |  |
|---|---|
| EDDIE BODDEN, FELIZ TERRERO, FRANCISCO ORTEGA, MARCELINO SUSANA, VICTOR LACAYO LOPEZ, and JULIO BRINGUEZ, | : : : : : : |
| Plaintiffs | : Civil Action No. 18-25095-Civ-Scola |
| vs. | : : |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | : : : |
| Defendant | : : |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

### I.   Introduction

The Defendant's Motion to Dismiss essentially asks the court to ignore 28 U.S.C. § 1738 and not give full faith and credit to the Plaintiffs' Florida state court judgment, which gives them the right to sue Travelers Property Casualty Company of America.  It also asks the Court to reject the factual allegations in the Plaintiffs' complaint and substitute the Defendant's untested, and untrue, claims in their place.  Because the Plaintiff's complaint is well pleaded, the Court should reject these invitations and deny the Defendant's Motion to Dismiss.

### II.   The Plaintiffs' Complaint Plainly States a Cause of Action

The Plaintiff's First Amended Complaint [DE17] clearly establishes their standing to sue and basis of their claims. Other than generally asserting that the Plaintiffs have failed to meet federal pleading standards, the Defendant's Motion to Dismiss finds no fault whatsoever with the elements of the Plaintiffs' breach of contract claims.  Instead, it raises a mishmash of arguments

1

against the Plaintiffs' standing and the nature of the Travelers' insurance policy at issue, none of which have merit or hold up to scrutiny, as we'll show below.

To begin with, the Plaintiffs in this matter were the crew members of the tug "Billy G," a vessel leased and operated by Suncoast Shipping, LLC and insured by Travelers Property Casualty Company of America ("Travelers") (FAC ¶¶1 & 25-27)[1].

After the Plaintiffs were injured during their voyage, they brought claims against Suncoast under the Jones Act, among others, which Travelers adjusted and paid in part under the policy of insurance at issue in this lawsuit (FAC ¶¶ 34-41). Travelers ultimately filed a declaratory judgment action against Suncoast, but did not include the Plaintiffs in that action (FAC ¶¶ 43-45). Thus, under Florida law, the default judgment that Travelers obtained against Suncoast had no preclusive effect on the Plaintiffs' claims or rights under the policy. *Id.*

Because Travelers stopped paying and adjusting the Plaintiffs' injury and maintenance and cure claims, the Plaintiffs pursued their lawsuit against Suncoast. On March 2, 2017, the Plaintiffs obtained a judgment against Suncoast for their losses (FAC ¶ 47). The entry of that judgment, which is attached to Plaintiff's Complaint as Exhibit 6 and which the Defendants separately asked this court to take judicial notice of in DE 15, satisfied Florida's non-joinder statute, Fla. Stat. § 627.4136, and gave Plaintiff's standing to bring this direct action against Travelers. (FAC ¶ 48). *See Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.*, 10-80429, 2010 WL 4628231, at *2 FN2 (S.D. Fla. Nov. 8, 2010) (Marra, J.) (Under Florida law, "a person not an insured under the terms of the liability insurance contract" may sue the insurer after such person "obtain[s] a settlement or verdict against a person who is an insured under the terms of such policy.")

---

[1]   References to Plaintiffs' First Amended Complaint appear as FAC ¶___.

**EATON & WOLK PL**
**2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI, FL 33133 · (305) 249-1640**

Pursuant to Florida law, the Plaintiffs clearly have standing as judgment holders to bring this lawsuit – and had such standing when the lawsuit was first filed. The Plaintiff's standing, the basis for this lawsuit, their entitlement to coverage under the Travelers policy at issue, and their breach of contract cause of action have all been clearly and sufficiently pleaded and provide the Defendant with detailed notice of the nature of the claims against it.  Frankly, the Defendant's Motion to Dismiss should not have been filed.  Since it was, we will address each of the Defendant's arguments in turn and demonstrate their lack of legal merit.

### III.    The Florida Supreme Court has already determined that the Defendant's Policy is a Liability Policy

In *DaCosta v. Gen. Guar. Ins. Co. of Florida*, 226 So. 2d 104 (Fla. 1969), the Florida Supreme Court construed materially the same maritime policy at issue in this lawsuit and determined that it was *liability policy* that covered the plaintiffs' claims and was not an indemnity policy, as claimed by Travelers.  We note that Travelers failed to bring *DaCosta* to this Court's attention.

Although titled a "protection and indemnity policy," the policy in *DaCosta* plainly stated it insured against liability:

> The Assurer hereby undertakes to make good to the Assured or the Assured's executors, administrators and/or successors, all such loss and/or damage and/or expense as the Assured shall as owners of the vessel named herein have become liable to pay and shall pay on account of the *liabilities*, risks, events and/or happenings herein set forth:
>
> (1) **Liability** for loss of life of, or personal injury to, or illness of, any person * * *.
>
> (2) **Liability** for hospital, medical, or other expenses * * *.
>
> (3) **Liability** for repatriation expenses of any member of the crew * * *.

*DaCosta* at 105 (emphasis added).

**EATON & WOLK PL**
**2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI, FL 33133 · (305) 249-1640**

The Travelers' policy here uses *precisely* the same coverage language:

| | |
|---|---|
| Loss of Life, injury and Illness | **(1)** **Liability for loss of life of, or personal injury to, or illness of, any person, <u>excluding, however, unless otherwise agreed by endorsement hereon,</u> liability under any Compensation Act to any employee of the Assured, (other than a seaman) or in case of death to his beneficiaries or others.** |
| | Protection hereunder for loss of life or personal injury arising in connection with the handling of cargo of the vessel named herein shall commence from the time of receipt by the Assured of the cargo on dock or wharf or on craft alongside the said vessel for loading thereon and shall continue until delivery thereof from dock or wharf of discharge or until discharge from the said vessel on to another vessel or craft. |
| Hospital, medical, or other expenses | **(2)** **Liability for hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life, personal injury to, or illness of any member of the crew of the vessel named herein or any other person. Liability hereunder shall also include burial expenses not exceeding Two Hundred ($200) Dollars, when necessarily and reasonably incurred by the Assured for the burial of any seaman of said vessel.** |
| Repatriation expenses | **(3)** **Liability for repatriation expenses of any member of the crew of the vessel named herein, necessarily and reasonably incurred, under statutory obligation, excepting such expenses as arise out of or ensue from the termination of any agreement in accordance with the terms thereof, or by mutual consent, or by sale of the said vessel, or by other act of the Assured. Wages shall be included in such expenses when payable under statutory obligation, during unemployment due to the wreck or loss of the said vessel.** |

FAC at ¶36; FAC Exhibit 1 at p. 36.

In construing the policy, the *DaCosta* Court held that "The repetitive appearance after the initial assuring provision of fourteen clauses, twelve of which begin with the words 'liability for,' necessarily gives the policy reader the overall impression that protection is in the nature of liability indemnity rather than loss paid indemnity. With the exception of the initial assuring provision quoted at the beginning of this opinion, the policy appears to insure against liability rather than against loss actually paid…. we resolve the ambiguity and confusion in favor of providing the greater indemnity to the Assured - indemnity against liability." *Id.* at 107.

The Travelers policy at issue here contains the same 14 insuring clauses verbatim, 12 of which still begin with the words "liability for," and the same ambiguous language. See FAC Exhibit 1, starting at p. 36.

In essence, the Florida Supreme Court held that if an insurance policy walks like a duck and quacks like a duck, it's a duck. In concluding that the *DaCosta* policy was a liability policy,

the Florida Supreme Court followed established principles governing interpretation of insurance contracts, holding that its ambiguity must be construed in favor of the broader coverage provided by a liability policy and against the narrower coverage of a protection and indemnity policy.

The United States Fifth Circuit Court of Appeal agreed in *Lake v. Fid. & Deposit Co. of Md.*, 430 F.2d 1251 (5th Cir. 1970).  Citing *DaCosta*, the Fifth Circuit expressly held:

> When an indemnity agreement is reasonably susceptible of two equally fair interpretations, one which will provide indemnity and one which will deny it, the interpretation which provides liability must be applied. *Da Costa v. General Guaranty Insurance Co.*, 226 So.2d 104 (Fla.1969).

*Lake* at 1255.

Because this Court applies Florida law in the construction of insurance policies, and, in *DaCosta*, we have the guidance of Florida's highest court on how the coverage provisions of *this* particular policy should be construed, this Court should likewise construe the ambiguities of the Travelers' policy in favor of coverage as a liability policy.

Once it does so, the Defendant's motion to dismiss fails, because it is premised on the Court being unaware of *DaCosta* and construing the Travelers policy as an indemnity policy.[2]  The Plaintiffs' Complaint therefore does state a cause of action for breach of contract, and the Defendant's Motion to Dismiss should therefore be denied.

### IV.    The Plaintiffs Claims are not barred by Res Judicata and Travelers' Policy is in Full Force and Effect as to those Claims (Defense Arguments IV and V)

Travelers' claim that the default judgment it obtained in the declaratory judgment action it filed *solely* against Suncoast Shipping somehow precludes the Plaintiffs' claims even though they

---

[2]    Travelers inexplicably cites the its policy's one-year non-suit provision to support its argument, perhaps to imply that the Plaintiffs' lawsuit is time-barred.  This provision is contrary to Florida law and is invalidated by Florida Statute §95.03, which states: "Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void."

**EATON & WOLK PL**
**2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI, FL 33133 · (305) 249-1640**

were never joined to that action is among its weakest arguments.

It has long been the established law in Florida that: "A declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action." *Indep. Fire Ins. Co. v. Paulekas*, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994) (cited in FAC ¶44), *accord, Capitol Specialty Ins. Corp. v. R.G. Rancho Grande Corp.*, 09-22685-CIV, 2010 WL 1541187, at *1–2 (S.D. Fla. Apr. 16, 2010) (Moreno, J.)

Even though Travelers knew of the Plaintiffs claims and lawsuit (FAC ¶¶ 34-43), it filed its declaratory judgment action against <u>only</u> Suncoast.  Because the Plaintiffs were not named in that lawsuit, it is not binding on their claims as a matter of law.  *Paulekas* at 1113; *Capital Specialty* at *1; *Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.*, 10-80429, 2010 WL 4628231, at *2 (S.D. Fla. Nov. 8, 2010).

Travelers attempts to evade the plain application of Florida law by arguing that the Plaintiffs are in privity with Suncoast by virtue of their later obtained consent settlement agreement, except: 1) the consent agreement did not exist at the time of Travelers' declaratory judgment lawsuit and subsequent default judgment; 2) the Plaintiffs are suing as third-party claimants on claims that did exist and were known to Travelers when it filed its declaratory judgment action, not as Suncoast's assignees; and 3) Travelers has gone to great pains in its motion to dismiss to explain to the Court why it believes the Suncoast consent settlement agreement is invalid.

All of these arguments were made to, and rejected, by the Middle District of Florida in *Helt v. Liberty Ins. Corp.*, 153 F. Supp. 3d 1388, 1390 (M.D. Fla. 2015), another case that the Defendant did not bring to the Court's attention.  In that case, Laila Helt was injured in a motor vehicle accident with Liberty Mutual insured Sandy Roberts and filed a lawsuit against her stemming from

that accident.  Like Travelers here, Liberty Mutual filed a declaratory judgment action against Roberts, its insured, seeking to void the policy.  Liberty, like Travelers, did not join third-party claimant Helt to the state court declaratory judgment action even though it knew or should have known of Helt's pending lawsuit.  It then obtained a default final judgement against Roberts declaring its policy "void *ab initio"* and stating that "Liberty Mutual has no duty to defend and indemnify any party from, for, or against any claims arising under the Policy."  *Helt* at 1389.  Helt then obtained a judgment against Roberts and sued Liberty directly.  Liberty, unsurprisingly, raised the same arguments that Travelers is raising here.  The court rejected them.

Applying Florida law, the *Helt* court held that "the state court's determination that the Policy was void *ab initio*—though binding on Roberts and Liberty—is not binding on Helt." *Id*. Citing to the Florida Third District Court of Appeal decisions in *Allstate Insurance Company v. Warren,* 125 So.2d 886 (Fla. 3d DCA 1961) and *Paulekas*, *supra*, the court held that a declaratory judgment voiding a policy of insurance is not binding upon a third party who acquired rights under the policy by making a claim prior to the declaratory judgment action but was not joined as a party to that action.  *Helt* at 1389.  As explained by the court:

> It is undisputed that Helt was not joined as a party to the declaratory judgment action. She therefore had no opportunity to participate in the proceeding in which it was determined that the Policy was void. Helt filed her action against Roberts on July 2, 2010. Liberty filed the declaratory judgment action on December 17, 2012. Consequently, Liberty knew or should have known that Helt's rights would be affected by the outcome of the declaratory judgment action. <u>Because it chose not to join Helt, the Court concludes that in regard to her direct claim, she is not bound by the state court's determination that the Policy was void</u>.

*Helt v. Liberty Ins. Corp.*, 153 F. Supp. 3d 1388, 1389 (M.D. Fla. 2015) (emphasis added).

As in *Helt*, Travelers knew of the Plaintiffs' claims before it filed its declaratory judgment action and chose not to join the Plaintiffs as defendants to that action.  See FAC at ¶¶ 34-43.  Thus,

**EATON & WOLK PL**
2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI, FL 33133 · (305) 249-1640

as in *Helt*, the Plaintiffs are similarly not bound by the prior default judgment that the Travelers policy was void.

**V.      The Plaintiffs have standing to bring this lawsuit by virtue of their valid final judgment against Suncoast Shipping**

As stated in FAC ¶¶46-47, the Plaintiffs obtained a judgment against Suncoast Shipping before filing this lawsuit and are bringing this lawsuit as third-party judgment holders under Florida Statute §627.4136, not as Suncoast's assignees.  That judgment gives them standing to sue Travelers, and they possessed that standing from the start of this case.  The Suncoast judgment is valid and final.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must "give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered." *Kahn v. Smith Barney Shearson Inc.,* 115 F.3d 930, 933 (11th Cir.1997); *see also Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324 (11th Cir. 2010).

Under Florida law, even though "a consent judgment is a judicially approved contract… it is a judgment nonetheless. As such, it is entitled to the same preclusive, res judicata effect as any other judgment issued by a Florida court." *Arrieta-Gimenez v. Arrieta-Negron*, 551 So. 2d 1184, 1186 (Fla. 1989).  Accordingly, it "may only be attacked in cases alleging fraud on the court." *Id.*

Even though it is not a party to the Suncoast judgment, and that judgment is both in effect and final, Travelers has asked this Court to ignore the Full Faith and Credit Act and find that the Plaintiffs judgment is not a valid judgment, even though no Florida state court has so held and the time for appeal has expired.

The gist of Travelers' collateral attack is that because Suncoast was administratively dissolved when it entered into the consent settlement agreement with Plaintiffs, the Plaintiffs somehow lack standing to assert their *judgment* rights.  That argument runs contrary to the Florida

**EATON & WOLK PL**
**2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI, FL 33133 · (305) 249-1640**

Supreme Court's decision in *Arrieta-Gimenez, supra*, and the Full Faith and Credit Act.  It was also expressly dispelled by *Greenwich Ass'n, Inc. v. Greenwich Apartments, Inc.*, 979 So. 2d 1116, (Fla. 3d DCA 2008); *Palmer v. Palmer*, 109 So. 3d 257 (Fla. 1st DCA 2013); *State Farm Mut. Auto. Ins. Co. v. Statsick*, 231 So. 3d 528 (Fla. 2d DCA 2017) and every other Florida case to address this issue.

In *Greenwich Ass'n, Inc*, the Plaintiff attempted to void a consent judgment by alleging, like Travelers here, that the underlying consent settlement agreement was void for lack of capacity. *Id.* at 1118 ("The plaintiff first argues that the 2001 judgment must be stricken as void because the settlement agreement that it incorporated was the result of a void, ultra vires act of the plaintiff's president.")  The Third District Court of Appeal rejected this argument, holding that any defect in the underlying settlement agreement merely rendered the judgment voidable, not void.  Under Fla.R.Civ.P. 1.540, voidable judgments must be challenged by the parties within one year.  Since more than one year had passed, as it has here, the judgment was enforceable and unassailable.

In *Palmer v. Palmer*, the First District Court of Appeal went a step farther, holding that an agreement that is merely voidable is not subject to collateral challenge once it has been incorporated into the final judgment.  *Palmer* at 258.  See also *Dep't of Health & Rehab. Services v. Morley*, 570 So. 2d 402, 404 (Fla. 5th DCA 1990) ("does the incorporation of a void agreement into a final judgment likewise render the final judgment void? The answer is no."); *Miller v. Preefer,* 1 So.3d 1278 (Fla. 4th DCA 2009) (rejecting as untimely a collateral challenge to a judgment that incorporated a settlement agreement containing an illegal covenant not to compete, on the ground that the alleged illegality merely rendered the agreement voidable, not void, and therefore could not be challenged after one year); and *State Farm Mut. Auto. Ins. Co. v. Statsick*, 231 So. 3d 528 (Fla. 2d DCA 2017) (same).

**EATON & WOLK PL**
**2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI, FL 33133 · (305) 249-1640**

Finally, it is not without a sense of irony that we also note that even if this argument were not time-barred by operation of Fl.R.Civ.P. 1.540, Travelers lacks standing to make it because it was not a party to the consent settlement agreement or resulting judgment. *Gallagher v. Dupont*, 918 So. 2d 342, 347 (Fla. 5th DCA 2005) (holding that "a nonparty to [a consent] settlement agreement has no standing to enforce it."). Travelers, as it has so painstakingly pointed out, does not stand in the shoes of Suncoast Shipping.

In sum, the Plaintiffs have standing to sue Travelers based on their valid, final judgment against Suncoast Shipping which has been in full force and effect since its entry March 2, 2017. Suncoast's capacity to enter into the consent settlement agreement underlying that judgment is irrelevant to the question of the *judgment's* force and effect and cannot be raised now by Travelers. Under the Full Faith and Credit Act, this Court must give effect to the Plaintiffs judgment and reject Travelers' motion to dismiss.[3]

## VI.    Travelers' remaining arguments are irrelevant, have been addressed above, or are factual arguments inappropriate for a Fed. R. Civ. P. 12(b)(6) Motion

Sections VII and VIII of the motion to dismiss are nothing more than a retread of Travelers' arguments that its insurance policy was rendered void *ab initio* with respect to the Plaintiffs' claims and that the Plaintiffs did not have to be joined to its declaratory judgment action. These arguments were rejected by *Indep. Fire Ins. Co. v. Paulekas*, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994) and *Helt v. Liberty Ins. Corp.*, 153 F. Supp. 3d 1388, 1389 (M.D. Fla. 2015) (prior court's determination that the policy was void *ab initio*—though binding on the insured —is not binding on claimants who were not joined to the declaratory judgment action). They are more than sufficiently rebutted in Section IV above.

---

[3]    Though not relevant to the Court's analysis, we note also that Suncoast Shipping is currently in good standing with the Florida Department of Corporations.

**EATON & WOLK PL**
**2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI, FL 33133 · (305) 249-1640**

In Section IX, Travelers argues that the District Court presiding over its declaratory judgment action voided the insurance policy based on the doctrine of *uberrimae fidei*. First, it did no such thing. The court entered a default judgment in favor of Travelers because Suncoast Shipping failed to appear; it made no factual findings.

Second, as a matter of Florida law, an insurer cannot accept premiums with knowledge, actual or constructive, of facts sufficient to avoid the policy and later seek to escape liability on the basis of those facts. *Sec. Life & Tr. Co. v. Jones*, 202 So. 2d 906, 908 (Fla. 2d DCA 1967). The factual questions of what Travelers knew and when it knew it, whether it waived its right to rescind the policy at issue, and whether there is coverage under it, are factual issues that *this* Court will determine after discovery.

While Travelers argues in Section X that it had no obligation to investigate Suncoast's application, the evidence in this case will show that Travelers did in fact do a comprehensive underwriting investigation of the Billy G and Flag 4000, the vessels involved in this case. Therefore, whether the investigation that Travelers undertook was performed non-negligently, and whether Travelers had actual or constructive knowledge of the leased status of the vessels when it issued the policy at issue, are fact questions remain to be litigated and cannot be determined on a motion to dismiss.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should find that the Plaintiffs' complaint is well-pleaded and deny Travelers' Motion to Dismiss on all bases. The Court should further determine that the ambiguous Travelers insurance policy at issue, like the materially identical policy construed by the Florida Supreme Court in *DaCosta v. Gen. Guar. Ins. Co. of Florida*, 226 So. 2d 104 (Fla. 1969), is a liability policy.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court by CM/ECF on April 15, 2019, with copies by electronic email to:

Michael E. Conroy, Esq.
**McALPIN CONROY**
80 Southwest 8th Street, Suite 2805
Miami, Florida 33130
Telephone:  305-810-5400
Facsimile: 305-810-5401
mconroy@mcalpinconroy.com
JNachio@McAlpinConroy.com
Counsel for Defendant Travelers Property
Casualty Company of America

Louis A. Vucci, Esquire
**THE VUCCI LAW GROUP, P.A.**
SunTrust International Center
1 SE Third Avenue, Suite # 3020
Miami, FL 33131
Telephone:  305-810-5400
Facsimile: 305-810-5401
Louis@thevuccilawgroup.com
*Co-Counsel for Plaintiffs*

Respectfully submitted,

**EATON & WOLK, PL**
*Co-counsel for Plaintiffs*
2665 South Bayshore Drive
Suite 609
Miami, Florida 33133
Telephone: 305-249-1640
Facsimile: 786-221-1759
Email: wwolk@eatonwolk.com;
cmartinez@eatonwolk.com

By: */s/WILLIAM G. WOLK, ESQ.*
Fla. Bar No. 103527