United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eddie Bodden and others, Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-25095-Civ-Scola |
| Travelers Property Casualty | ) |
| Company of America, Defendant. | ) |

## Order Denying Motion to Dismiss

Plaintiffs Eddie Bodden, Feliz Terrero, Francisco Ortega, Marcelino Susana, Victor Lacayo Lopez, and Julio Bringuez, all foreign nationals, seek to recover damages from Defendant Travelers Property Casualty Company of America which insured a cargo barge and tugboat on which they all worked—Bodden as captain; the others as crew. (Am. Compl., ECF No. 17.) While on its way to Haiti, the tugboat, the *Billy G*, ran out of fuel near Cuba. The Cuban Coast Guard towed the *Billy G* to Cuba, where the Plaintiffs all remained stranded for nearly a year, suffering various injuries, some very serious, and other losses. The Plaintiffs obtained a judgment, in state court, against the operator and manager of the *Billy G* and its barge—Suncoast Shipping LLC—and now seek recovery from Travelers—Suncoast's insurer. In response, Travelers asks the Court to dismiss the Plaintiffs' complaint for several reasons. As best the Court can discern, Travelers' objections to the complaint can be summarized as follows: the Plaintiffs generally fail to state a claim upon which relief may be granted; the Plaintiffs have no right to bring a direct action under Florida Statutes section 627.4136; the Plaintiffs' claims are barred by res judicata; the Plaintiffs lack standing; and the policy the Plaintiffs rely on is void. (Def.'s Mot., ECF No. 25.) After a careful review of the record, including the Plaintiffs' response (ECF No. 26) and Travelers' reply (ECF No. 30), the Court is not persuaded that this case should be dismissed and **denies** Travelers' motion (**ECF No. 25**).

1. **Background**[1]

The Plaintiffs, a captain and five crewmembers, set sail on the *Billy G* tugboat in early June 2013 to deliver cargo from Fort Pierce, Florida, to Gonaives, Haiti. (Am. Compl. at ¶ 28.) Near Moa, Cuba, the *Billy G* ran out of

---

[1] The Court accepts the complaint's factual allegations, as set forth below, as true for the purposes of evaluating the motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

fuel and was left adrift until the Cuban Coast Guard towed it to the Port of Moa. (*Id.* at ¶ 30.) The Plaintiffs were stranded there without money, food, supplies, or medical treatment for nearly a year until they were eventually repatriated to their home countries. (*Id.*) During that year they ate rats and insects in order to survive; suffered various illnesses and injuries that were left untreated; and suffered losses of maintenance, cure, and wages. (*Id.* at ¶ 31.)

In December 2013, the Plaintiffs filed suit against Suncoast in Florida state court seeking damages for Suncoast's failure to repatriate them, failure to provide maintenance and cure, and failure to provide medical treatment; unseaworthiness; Jones Act negligence; and other claims. (*Id.* at ¶ 34.) Although not the owner of the barge, Suncoast operated, controlled, managed, and maintained the *Billy G* and its barge. (*Id.* at ¶¶ 11, 12.) In preparation for the voyage to Haiti, Suncoast procured insurance to cover the vessel and the crew. (*Id.* at ¶ 23–25.) The Plaintiffs attach the policy to the complaint. (Policy, Ex. 1, ECF No. 17-1, 36.) The policy provides that Travelers will "make good to [Suncoast] . . . all such loss and/or damage and/or expense as [Suncoast] shall as owners of the vessel named herein have become liable to pay and shall pay on account of liabilities, risks, events, and/or happenings" as set forth in the policy. (*Id.*) The Plaintiffs maintain the coverage provisions of the policy encompass their injuries, illnesses, medical expenses, repatriation expenses, Jones Act compensation, and other damages. (Am. Compl. at ¶¶ 27, 35; Policy at 36.)

Travelers adjusted a small portion of the Plaintiffs' claims, and initially defended the state-court suit against Suncoast. (Am. Compl. at ¶ 39, 41.) But ultimately, in September 2014, Travelers filed an action for declaratory relief, against Suncoast, in federal court, seeking to void the policy. (*Id.* at ¶ 39–43.) Travelers did not, however, name the Plaintiffs as parties. (*Id.* at ¶ 44.) The District Court for the Southern District of Florida, in May 2015, entered a default judgment, voiding the policy as to Suncoast's claims for the loss of the vessels. (*Id.* at ¶ 45.) Afterwards, Travelers stopped defending the state-court action and closed the Plaintiffs' claims without further payment. (*Id.* at ¶ 46.) The state court entered final judgment in that case, against Suncoast and in favor of the Plaintiffs. (*Id.* at ¶ 47.) The Plaintiffs posit that this judgment affords them standing to bring a direct action against Travelers. (*Id.* at ¶ 48.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need

only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Faced with a motion to dismiss, a court should therefore "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their accuracy and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009)).

### 3. Discussion

Travelers urges the Court to dismiss the amended complaint on a number of bases, which are all somewhat interrelated. Underlying most of Travelers' arguments seems to be its contention that the Plaintiffs fail to properly plead their right to bring a direct action against it. This is because, as Travelers maintains, (A) this type of policy does not afford coverage to the Plaintiffs under Florida's nonjoinder statute; (B) the policy was voided by the default judgment entered against Suncoast in federal court; (C) the Plaintiffs lack standing; and (D) the policy is null and void because Suncoast mispresented material facts in procuring it. After a thorough review, the Court finds Travelers' arguments all miss their marks.

### A. Statutory Right of Direct Action

Under Florida Statutes section 627.4136, someone who is "not an insured under the terms of [a] liability contract," cannot sue a "liability insurer" until he or she "first obtain[s] a settlement or verdict against a person who is an insured under the . . . policy." Travelers maintains the Plaintiffs have no right to bring a direct action under this statute section because the policy at issue here is a "policy of indemnity not liability." (Def.'s Mot. at 7.) The Court is not persuaded.

The policy here provides that Travelers will "make good to [Suncoast] . . . all such loss and/or damage and/or expense as [Suncoast] shall as owners of the vessel named herein have become liable to pay and shall pay on account of liabilities, risks, events, and/or happenings" as set forth in the policy. (Policy at 36.) The policy then identifies fourteen categories of losses, injuries, expenses, damages, charges, and penalties that are covered by the policy. (*Id.* at 36–40.) Eleven of these provisions are specifically introduced as "Liability for" whatever the corresponding damage is. (*Id.*) The Florida Supreme Court, in a case Travelers itself even cited (albeit for another proposition), long ago evaluated

nearly identical language and concluded "the policy is one of protection against liability rather than against loss actually paid." *DaCosta v. Gen. Guar. Ins. Co. of Florida*, 226 So. 2d 104, 106–07 (Fla. 1969). As the court in *DaCosta* noted, "The repetitive appearance after the initial assuring provision of fourteen clauses, twelve of which begin with the words 'liability for,' necessarily gives the policy reader the overall impression that protection is in the nature of liability indemnity rather than loss paid indemnity." The policy here also has nearly a dozen provisions that begin with the words, "liability for." And, like the policy in *DaCosta*, "[w]ith the exception of the initial assuring provision quoted [above], the policy appears to insure against liability rather than against loss actually paid." *Id.* As the court in *DaCosta* did, this Court too, "resolve[s] the ambiguity and confusion in favor of providing the greater indemnity to the Assured— indemnity against liability." *Id.*; *Lake v. Fid. & Deposit Co. of Md.*, 430 F.2d 1251, 1255 (5th Cir. 1970) ("When an indemnity agreement is reasonably susceptible of two equally fair interpretations, one which will provide indemnity and one which will deny it, the interpretation which provides liability must be applied.") (citing *DaCosta*, 226 So. 2d 104). Because of this, the Court finds Travelers' argument unavailing: the Plaintiffs have properly pleaded their right to bring a direct action under Florida Statute section 627.4136.[2]

## B. The Declaratory Judgment Against Suncoast

Travelers insists the declaratory judgment it obtained against Suncoast in federal court, determining the policy was void *ab initio*, bars the Plaintiffs' claims here. Because the Plaintiffs were not parties in that case, the Court disagrees.

Ordinarily, a claim will be barred by prior litigation if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Here there is no dispute that there has been a final judgment on the merits or that the prior decision was rendered by a court of competent jurisdiction. Instead, the parties' disagreement centers on the third element: whether the parties, or those in privity with them, are identical in both the declaratory action and this action.

---

[2] In its reply, Travelers argues the policy here also "falls within the Fla. Stat. §627.401 exception to direct actions against insurers." (Def.'s Reply, ECF No. 30, 3.) In addition to being improperly raised for the first time in reply, Traveler's position is unsupported and appears wholly meritless, if not frivolous.

As Travelers points out, there are exceptions to the general rule that one is not bound by a judgment *in personam* through a litigation in which one was not a party. (Def.'s Mot. at 10 (citing *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010)).) The exception Travelers identifies as relevant here is where a substantive legal relationship existed between the person to be bound (here, the Plaintiffs) and a party to the judgment (that is, Suncoast). (Def.'s Mot. at 10 (citing *Griswold*, 598 F.3d at 1292.) According to Travelers, "[t]hat relationship was created by Suncoast[]'s contract (i.e. the 'Consent Settlement Agreement') with the Plaintiffs . . . in March 2017." (Def.'s Mot. at 10.) Although it's not entirely clear, it appears Travelers' position is that this settlement agreement purported to assign Suncoast's rights under the policy to the Plaintiffs. (*Id.* (positing that the settlement agreement "purports to make [the Plaintiffs] assignees of the insurance policies of any other insurance carriers") (quotations and original alterations omitted).)

There are number of problems with Travelers' argument. First, and foremost, the Plaintiffs are not suing pursuant to any rights as assignees they may have obtained as a result of the settlement agreement with Suncoast. Rather, their claims rest on (1) their status as "third-party claimants" (Am. Compl. at ¶ 27); and (2) the actual *judgment* the Plaintiffs obtained against Suncoast in the state-court proceedings (*id.* at ¶ 48). (*See also*, Pls.' Resp. at 6 ("the Plaintiffs are suing as third-party claimants").) Their purported status then, under the settlement agreement, as assignees has no bearing on whether they should be bound by the prior judgment. They are not proceeding as assignees here nor is there any mention of their status as assignees in the complaint. There is thus no justification for their being bound by the prior the judgment. *See Indep. Fire Ins. Co. v. Paulekas*, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994) ("A declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action.")

Furthermore, Travelers itself repeatedly casts doubt on whether the Plaintiffs can even be properly identified as assignees. For example, Travelers identifies what it describes as an "anti-assignment clause" in the policy. (Def.'s Mot. at 11.) Travelers also points out that, at the time Suncoast and the Plaintiffs entered into the settlement agreement, Suncoast had been "administratively dissolved. . . and without legal existence to enter contracts such as the Consent Settlement Agreement." (*Id.* at 13.) That is, says Travelers, Suncoast, by that time, "had nothing to assign." (*Id.* at 14 (quotations omitted).) Travelers cannot have it both ways: the Plaintiffs cannot be precluded from proceeding in this action because of their status as assignees while Travelers at the same time insists that the Plaintiffs could never have

even attained the status of assignees in the first place. In any event, even if Travelers were to contend it was merely presenting alternative arguments, which it hasn't, such fact-intensive disputes are nonetheless wholly inappropriate for the Court's consideration on a motion to dismiss.

In sum, Travelers, knowing full well that the Plaintiffs were potential claimants under the policy and that their interests could be affected by the outcome of its declaratory-judgment action, chose not to join them in that litigation. If Travelers had wanted to defeat the Plaintiffs' rights under the policy by way of the declaratory-judgment action, it should have made them parties to that suit.³ *See Helt v. Liberty Ins. Corp.*, 153 F. Supp. 3d 1388, 1389 (M.D. Fla. 2015) (noting that "in order for the judgment creditor's right to have been defeated," the judgment creditor "should have been made a party to the suit for declaratory decree.") (quoting *Allstate Insurance Company v. Warren*, 125 So.2d 886, 888 (Fla. 3d DCA 1961). In short, the Plaintiffs' claims in this case, for breach of contract under the policy, are not precluded because of the default judgment Travelers obtained against Suncoast, voiding the policy.

## C. Standing

The gist of Travelers' standing argument seems to be twofold: one, a rehashing of its res judicata argument; and two, an attack on the validity of the Plaintiffs' state-court judgment against Suncoast. Neither position persuades.

Although Travelers' arguments on this point are, once again, difficult to parse, its stance appears to be premised on its misapprehension of the Plaintiffs' complaint. Travelers repeatedly points to the inability of Suncoast to confer any rights on the Plaintiffs by way the parties' settlement agreement. According to Travelers, Suncoast could not confer any rights because, before Suncoast entered into the agreement, (1) Travelers had obtained a declaratory judgment against Suncoast, voiding the policy; and (2) Suncoast had been dissolved and therefore had "no legal existence." (Def.'s Mot. at 14.) But the Plaintiffs have alleged standing not based on the settlement agreement, but, rather, based on the state-court judgment itself. And while that judgment was indeed entered by the state court "[p]ursuant to the Consent Settlement Agreement entered into between the Plaintiffs and . . . Suncoast" (ECF No. 17-6, 1), Travelers does not once outright attack the validity of the judgment itself.

---

³ Travelers also argues the Plaintiffs were not necessary parties to the federal declaratory judgment action and that therefore Travelers was not required to provide them notice of the suit. (Def.'s Mot. at 15.) The Court agrees. This, however, is beside the point and has nothing to do with whether the default judgment in that case is res judicata as to the Plaintiffs here.

Thus, Travelers' ultimate argument that "[a]ny purported standing based on the assignment language is therefore suspect," misses the point. Even if Travelers' argument is correct, which the Court in any event doubts,[4] it doesn't affect the Plaintiffs' claimed standing arising out of the judgment itself. In other words, Travelers' attacks on the validity of the settlement agreement, without out a link to the judgment, are irrelevant.[5]

### D. Alleged Misrepresentations in Suncoast's Insurance Application

Lastly, Travelers submits the policy the Plaintiffs seek to enforce is void because Suncoast made material misrepresentations in its insurance application and Travelers had no duty to independently investigate the information Suncoast supplied. Accordingly, argues Travelers, the amended complaint should be dismissed. But because the prior declaratory judgment does not bind the Plaintiffs, the issues Travelers raises here necessitate a fact-intensive analysis that not appropriately considered on a motion to dismiss.

## 4. Conclusion

The Plaintiffs have sufficiently articulated enough facts to state a claim for relief that is plausible on its face. The Court is not persuaded by Travelers'

---

[4] *See Greenwich Ass'n, Inc. v. Greenwich Apartments, Inc.*, 979 So. 2d 1116, 1118 (Fla. 3d DCA 2008) (holding that a judgment that incorporates a void settlement agreement based on an ultra vires act is potentially voidable, but only if challenged within a year); *Palmer v. Palmer*, 109 So. 3d 257, 258 (Fla. 1st DCA 2013) ("an agreement that is merely voidable is not subject to collateral challenge once it has been incorporated into the final judgment"); *Miller v. Preefer*, 1 So.3d 1278 (Fla. 4th DCA 2009) (declining to consider a collateral attack of a judgment incorporating an illegal provision because the allegedly illegal provision only rendered the agreement voidable).

[5] Travelers includes a separate section titled, "Third Party Claimant Status cannot give rise to a claim." (Def.'s Mot. At 14.) The entirety of its argument is that:

> the direct action/nonjoinder statute prohibits any legal status until they have a final judgment against an insured under a policy for cause of action under the policy. That alleged status undisputedly could not have been created until Plaintiffs' consented to the Consent Settlement Agreement and final judgment. There was no insurance policy in existence at that point in time as it had been already voided.

(*Id.* at 14–15.) This section then concludes, in a separate, one-sentence-long paragraph: "Plaintiffs claim in their Amended Complaint that they are third-party claimants." (*Id.* at 15.) That's it. The Court is at a loss as to what Travelers' point is here. And it is not the Court's job to piece together counsel's argument for him. *See Fed. Ins. Co. v. Cty. of Westchester*, 921 F. Supp. 1136, 1138 (S.D.N.Y. 1996) ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk.").

arguments that the amended complaint should be dismissed. For the reasons set forth above, the Court **denies** Travelers' motion (**ECF No. 25**). Travelers must respond to the complaint on or before **September 16, 2019**.

    **Done and ordered** at Miami, Florida, on September 6, 2019.

                                                                                                 _____
                                                                                                      Robert N. Scola, Jr.
                                                                                                      United States District Judge