UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

EDDIE BODDEN, FELIZ TERRERO,
FRANCISCO ORTEGA, MARCELINO
SUSANA, VICTOR LACAYO LOPEZ, and
JULIO BRINGUEZ,

       Plaintiffs  : Civil Action No. 18-25095-Civ-Scola

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

       Defendant

## MOTION TO COMPEL DISCOVERY AND THE RULE 30(B)(6) DEPOSITION OF DEFENDANT

  Pursuant to Rules 33, 34 and 37, Fed.R.Civ.P., Plaintiffs respectfully move the Court to compel Defendant Travelers Property Casualty Company of America (Travelers) to answer pending discovery and further move to compel Travelers to produce representative(s) for deposition pursuant to Fed.R.Civ.P. Rule 30(b)(6). In support hereof, Plaintiffs state:

### MOTION TO COMPEL DISCOVERY

  1. This motion is filed due to Defendant Travelers' complete failure to respond to discovery.

  2. This is a coverage action arising from Travelers' failure to pay the Plaintiffs' injury and maintenance and cure claims under a maritime protection and indemnity policy it had issued.

  3. On August 27, 2019, Plaintiffs served Travelers with Plaintiffs First Request for Production; First and Second Interrogatories; and First Requests for Admission.

  4. Answers to that discovery were due by September 26, 2019.

5. On September 26, Travelers requested additional time to respond. Pursuant to Local Rule 26.1(g)(1), Plaintiffs agreed and extended the response date to October 4, 2019, with the clear understanding that no further extensions could be granted because Travelers B(6) deposition was scheduled to take place on Friday, October 11, and the discovery – especially defendant's underwriting file -- was needed before that deposition could be taken. See **Exhibit 1**.

6. On October 4, 2019, Plaintiffs' counsel conferred with defendant's counsel regarding the status of the pending discovery and was told that it was completed and under review by Travelers and that it would be provided on Monday, October 7, 2019.

7. As a courtesy, undersigned counsel agreed to the Monday, October 7 production date.

8. The Defendant provided no responses or objections on October 7, 2019.

9. On October 8, 2019, undersigned counsel telephoned and sent two emails to defense counsel asking for the status of the overdue discovery. See **Exhibit 2**. The Defendant did not respond to the now overdue discovery or provide substantive responses to counsel's follow up emails and has not responded to either to date.

10. Defense counsel also failed to confirm Travelers' 30(b)(6) deposition (see motion below), which cannot be held without the overdue discovery.

11. Plaintiffs therefore respectfully move the Court to compel Defendant to respond to Plaintiffs' First Requests for Production and First and Second Interrogatories[1] forthwith and no later than 7 days before the Defendant's rescheduled 30(b)(6) deposition.

---

[1] Plaintiffs' First Requests for Admission are now deemed admitted by operation of Rule 36.

## MOTION TO COMPEL 30(B)(6) DEPOSITION OF DEFENDANT

12. By agreement, the Parties scheduled the Defendant's Rule 30(b)(6) deposition on October 11, 2019 in New York. See email attached as **Exhibit 3** and Notice of Taking Deposition as **Exhibit 4**.

13. Travelers has since failed to confirm the location or time of the deposition or produce the over-due discovery that is a prerequisite to holding it. *See* **Exhibits 1 and 2**.

14. Plaintiff has received no records from the Defendant (none were produced with Travelers' Rule 26 disclosure) and cannot adequately prepare for the Defendant's deposition without the now overdue discovery served on August 27.

15. <u>Fact discovery cut-off is October 25, 2019</u>.

16. Plaintiffs therefore respectfully move the Court to order Travelers to provide two consecutive mutually convenient dates on or before October 25, 2019 (or such other date as the Court may order) for its 30(b)(6) deposition to be conducted. Said deposition to take place in New York City from 10:00 a.m. to 5:00 p.m. each day until completed or, as a sanction, in Miami.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 37(a)(3)(B) authorizes the Court to compel "an answer, designation, production, or inspection" in response to a party's complete failure to answer discovery. Rule 37 similarly authorizes the Court to compel a party to designate witnesses under Rule 30(b)(6). It states in pertinent part:

> **(B)** *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> **(i)** a deponent fails to answer a question asked under Rule 30 or 31;
>
> **(ii)** a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> **(iii)** a party fails to answer an interrogatory submitted under Rule 33; or

> **(iv)** a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Fed. R. Civ. P. 37.  See also *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981) (The failure to act described in Rule 37(d) may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).)

In this case, Travelers has failed to answer interrogatories submitted under Rule 33; failed to produce documents requested under Rule 34, and failed to designate deponents under Rule 30, all of which specifically fall under the ambit of Rule 37(a)(3)(B).  It has served no objections, nor sought a protective order under Rule 26.  This motion to compel is therefore well-founded, and Plaintiffs respectfully move the Court to grant it.

WHEREFORE, Plaintiffs respectfully move this Honorable Court to grant the foregoing motion in all respects.

    Respectfully submitted,

    */s/William G. Wolk*
    William G. Wolk, Esq.
    Fla. Bar No: 103527

    **EATON & WOLK, PL**
    2665 South Bayshore Drive
    Suite 609
    Miami, FL  33133
    Tel. (305) 249-1640
    Fax (786) 350-3079
    wwolk@eatonwolk.com
    cmartinez@eatonwolk.com

    and

                    Louis A. Vucci, Esq.
**LOUIS A. VUCCI, P.A.**
One S.E. Third Avenue
Suite 3020
Miami, FL 33131
Tel. (305) 573-0125
louis@thevuccilawgroup.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

      Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows: As detailed in the motion above, after conferring by telephone on September 26 and October 4, undersigned counsel again called Travelers counsel on October 8 at 10:00 a.m., but that call – which had been prescheduled with defense counsel -- was not returned during business hours. Undersigned counsel also sent two follow-up emails at 1:26 p.m. and at 5:53 p.m. on October 8, neither of which were answered substantively. No discovery was produced on October 4 when due, October 7 when promised, or since.

## **CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court on October 9, 2019, with copies by email to: Michael E. Conroy, Esq., McAlpin Conroy, *Counsel for Defendant Travelers Property Casualty Company of America,* 80 Southwest 8th Street, Suite 2805, Miami, Florida 33130 at mconroy@mcalpinconroy.com; dnunez@mcalpinconroy.com; vmedina@mcalpinconroy.com and lvargas@mcalpinconroy.com.

                    */s/William G. Wolk*
                    William G. Wolk, Esq.
                    Fla. Bar No: 103527